Case 1:11-cv-03369-CMA-MJW   Document 2   Filed 12/23/11   USDC Colorado   Page 1 of 3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO



FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

DEC 23 PM 4:42

GREGORY C. LANGHAM
CLERK

BY _____ DEP. CLK

Civil Action No. 11-CV-03369-CMA-MTW

Shannon Crews,
    Plaintiff,

'11 - CV - 03369-CMA-MJW

v.

Dana Weaver-Osterholtz, M.D., and Parkview Medical Center, Inc. d/b/a Parkview Medical Center and Parkview West,

    Defendants.

## AMENDED COMPLAINT AND JURY DEMAND

The Plaintiff, Shannon Crews, by and through her attorney, James W. Avery, as her complaint against the Defendant, Dana Weaver-Osterholtz, M.D. and Parkview Medical Center, Inc., states:

### JURISDICTIONAL ALLEGATIONS

1. Plaintiff, Shannon Crews, is a resident of the County of Genessee, State of Michigan.

2. Defendant, Dana Weaver-Osterholtz, M.D. (hereinafter "Physician"), is a physician who at all times pertinent hereto was licensed and practiced medicine in the State of Colorado.

3. Defendant Parkview Medical Center, Inc. (hereinafter "Hospital") is a Nonprofit Corporation organized pursuant to the laws of the State of Colorado, and engaged in the hospital business in El Paso County, Colorado, doing business as Parkview Medical Center and Parkview West.

4. The incident which forms the basis for this complaint concerns medical care and treatment which occurred in the County of El Paso, State of Colorado on about December 29, 2009 and thereafter.

5. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. §1332.

6. Venue is proper

1

## FIRST CLAIM FOR RELIEF
(Malpractice/Negligence/Lack of Informed Consent)

7. Plaintiff hereby incorporates by reference all paragraphs of the Jurisdictional Allegations as though fully set forth herein.

8. Plaintiff Shannon Crews submitted to care and treatment by Physician, a Urologist, on about December 29, 2009, when she was suffering from kidney obstruction.

9. At all times pertinent hereto, Physician had a duty to provide care and treatment in accordance with standards of care applicable to Urologists.

10. Physician undertook surgical care and treatment of the Plaintiff without adequate consent, and failed to complete the course of treatment, essentially abandoning her patient.

11. At all times pertinent hereto, Physician failed to applicable standards of care in the treatment provided to Plaintiff, that caused Plaintiff to suffer multiple complications and hospitalizations, follow up surgery, unnecessary surgery, convalescence and permanent bodily injury. Said failure to comply with the applicable standards of care for a Urologist constitutes negligence.

12. As a result of Physician's negligence, Plaintiff suffered multiple infections, kidney abscess, and ultimately chronic kidney damage and disease.

13. As a result of the aforesaid injuries, Plaintiff has suffered and incurred, and is expected to suffer and incur, past and future medical and rehabilitation expenses, past and future economic losses other than health care, past and future non-economic losses, loss of past and future earnings, temporary and permanent physical impairment, disability and disfigurement, diminishment of life expectancy, and severe emotional distress.

## SECOND CLAIM FOR RELIEF
(Malpractice/Negligence/Respondeat Superior)

14. Plaintiff hereby incorporates by reference all paragraphs of the Jurisdictional Allegations and First Claim for Relief as though fully set forth herein.

15. Defendant Hospital was the employer of various nurses on staff and who were responsible for communications with physicians on staff of the Hospital, all of whom were acting within the course and scope of their employment with the hospital. On or about December 24, 2009, after Plaintiff was admitted to Hospital, the Hospital, acting by and through its employees, failed to contact

staff surgeons in a timely manner. Said actions, omissions and conduct proximately caused Plaintiff's condition to significantly deteriorate. Said actions and conduct fell below the applicable standard of nursing care.

16. As a result of the actions, omissions and conduct of the Hospital nurses, Plaintiff suffered a worsening of her condition, with excruciating pain and resultant scarring and disability.

17. As a result of the aforesaid injuries, Plaintiff has suffered and incurred, and is expected to suffer and incur, past and future medical and rehabilitation expenses, past and future economic losses other than health care, past and future non-economic losses, loss of past and future earnings, temporary and permanent physical impairment, disability and disfigurement, diminishment of life expectancy, and severe emotional distress.

18. Hospital is vicariously liable for the actions and conduct of its nurses, and damages caused by their substandard care.

WHEREFORE, Plaintiff prays for judgment against the Defendants in an amount sufficient to compensate Plaintiff for the injuries and damages claimed herein, for consequential damages, prejudgment interest, litigation costs and expenses, expert witness fees, and such other and further relief as provided by law and as this Court deems just and proper.

**PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL ISSUES.**

By: s/James W. Avery
James W. Avery, Esq.

AVERY LAW FIRM
44 Cook St., Ste. 100
Denver, Colorado 80206
Ph. (303) 840-2222
Fax: (303)328-2976
Email: averylawfirm@gmail.com
ATTORNEY FOR PLAINTIFFS

Plaintiff's address:
726 Shadybrook Ln.
Flushing, MI 48433

3