IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03369-CMA-MJW

SHANNON CREWS,

Plaintiff(s),

v.

DANA WEAVER-OSTERHOLTZ, M. D., and
PARKVIEW MEDICAL CENTER, INC.,
d/b/a Parkview Medical Center and Parkview West,

Defendant(s).

---

**RECOMMENDATION THAT THIS ACTION BE DISMISSED BASED UPON THE PLAINTIFF'S FAILURE TO APPEAR, FAILURE TO PROSECUTE, AND FAILURE TO COMPLY WITH THE COURT'S ORDER**

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before this court pursuant to an Order Referring Case issued by District Judge Christine M. Arguello on December 27, 2011. (Docket No. 3).

During a Scheduling Conference on May 3, 2012, this court set a further Status Conference on June 12, 2012, at 9:30 a.m. MST. Plaintiff's counsel was directed to provide written notice to the plaintiff that she must appear by telephone at the June 12 Status Conference. Plaintiff's counsel thereafter filed a Notice of Service: To Shannon Crews (Docket No. 22) which provided plaintiff with notice of the June 12 hearing and that she was ordered by the court to call the court for that hearing. Plaintiff, however, failed to telephone the court as directed. The court even waited an additional fifteen

minutes before commencing the conference in order to give the plaintiff an opportunity to telephone the court.

Consequently, this court issued an Order to Show Cause and Order Resetting Status Conference (Docket No. 33) in which a Show Cause Hearing was set for July 2, 2012, at 1:30 p.m. at which the plaintiff was ordered to appear in person and show cause why this case should not be dismissed pursuant to Fed. R. Civ. P. 16(f) and/or 41(b) and D.C.COLO.LCivR 41.1 based upon the plaintiff's failure to appear and failure to comply with the court's order and why other sanctions should not be imposed, including imposition of the defendants' attorney fees and costs and a finding and order of contempt. A Status Conference was also set for that date and time. A copy of that Order was sent to the plaintiff by the court (Docket No. 34 - Certificate of Service by Mail), and that copy was not returned to the court by the U.S. Postal Service.

Plaintiff, however, once again failed to appear as directed for the July 2 hearing, even after a fifteen-minute grace period. She did not even call in at the time set for the hearing or move for a continuance. Furthermore, new counsel did not appear on her behalf. The court notes that the weather was clear at the time of the hearing, and the roads were clear. Defense counsel once again appeared for the hearing as directed.

Rule 41(b) of the Federal Rules of Civil Procedure provides in pertinent part:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule–except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19–operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

Furthermore, Rule 16(f) provides in pertinent part that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference . . . . or (C) fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f). Rule 37(b)(2)(A) (ii)-(vii), which is referenced in Rule 16(f), permits the following sanctions:

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) **dismissing the action or proceeding in whole or in part**;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) **treating as contempt of court the failure to obey any order** except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A) (ii)-(vii) (emphasis added). Rule 16(f)(2) further provides that "[i]nstead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses–including attorney's fees–incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an aware of expenses unjust." Fed. R. Civ. P. 16(f)(2).

In addition, Local Rule 41.1 provides:

> A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order. If good cause is not shown within the time set in the show cause order, a

> district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

D.C.COLO.LCivR 41.1.

Based upon the foregoing, it is hereby

**RECOMMENDED** that this case be dismissed pursuant to Fed. R. Civ. P. 16(f) and/or 41(b) and D.C.COLO.LCivR 41.1 based upon the plaintiff's repeated failure to appear, her failure to prosecute, and her failure to comply with the court's orders. It is further

**RECOMMENDED** that pursuant to Fed. R. Civ. P. 16(f)(2), that the plaintiff be directed to pay the defendants' reasonable expenses–including attorney's fees–incurred because of her failure to appear at the June 12 and July 2, 2012, hearings unless she shows that her failure to appear was substantially justified or other circumstances make an award of expenses unjust.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse,**

**91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Dated: July 2, 2012
Denver, Colorado

s/ Michael J. Watanabe
Michael J. Watanabe
United States Magistrate Judge